**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER ARMIJO,

        Petitioner - Appellant,

v.

RICK LOONEY, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 08-2266
(D. New Mexico)
(D.C. No. 07-CV-00105-MCA-LAM)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Appellant, Christopher Armijo, seeks a certificate of appealability ("COA")

from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254

habeas corpus application. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal

may be taken from a final order disposing of a § 2254 application unless the

petitioner first obtains a COA). Because Armijo has not "made a substantial

showing of the denial of a constitutional right," this court **denies** his request for a

COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Armijo was convicted by a New Mexico jury of armed robbery, conspiracy

to commit armed robbery, aggravated assault, conspiracy to commit aggravated

assault, tampering with evidence, conspiracy to commit tampering with evidence, and contributing to the delinquency of a minor. On direct appeal, the New Mexico Court of Appeals reversed Armijo's convictions for tampering with evidence, conspiracy to tamper with evidence, and conspiracy to commit aggravated assault. The state district court amended Armijo's sentence to seventeen years' imprisonment followed by two years' parole. Armijo then filed a *pro se* petition for writ of habeas corpus with the New Mexico district court raising, *inter alia*, several double jeopardy claims and a plethora of ineffective assistance of counsel claims. The habeas petition was denied and the New Mexico Supreme Court denied Armijo's petition requesting a writ of certiorari.

Armijo filed the instant § 2254 application on January 29, 2007, seeking relief based on allegations of: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, (3) admission of hearsay, (4) insufficient evidence to support the conspiracy-to-commit-armed-robbery conviction, and (5) three double jeopardy violations. The federal magistrate judge conducted an exhaustive review of each of Armijo's claims, independently combing the record for information omitted from both Armijo's habeas application and Respondents' perfunctory answer. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the magistrate judge recommended denying Armijo's § 2254 application because the state courts' adjudication of Armijo's claims was not contrary to, nor an unreasonable application of clearly established federal law. 28

U.S.C. § 2254(d); *Stevens v. Ortiz*, 465 F.3d 1229, 1235 (10th Cir. 2006) ("When we review a summary disposition by a state court, we focus on its result rather than any reasoning."). After reviewing the magistrate judge's comprehensive Proposed Findings and Recommended Disposition and considering Armijo's objections, the district court adopted the recommended ruling and denied Armijo's § 2254 application.

In his counseled appellate brief, Armijo presents three specific issues which include allegations (1) the district court erroneously refused to accept exhibits attached to his objections, (2) the district court improperly applied the AEDPA standard of review, and (3) he was entitled to an evidentiary hearing. To receive a COA, Armijo must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Armijo has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El* at 338. Although Armijo need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Armijo's application for a COA and appellate brief, the magistrate judge's Proposed Findings and Recommended Disposition, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Armijo is not entitled to a COA. The district court's resolution of Armijo's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Because Armijo's claims were capable of being resolved on the record, the district court did not abuse its discretion by failing to hold an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Further, the district court did not err in refusing to consider Armijo's exhibits. It is clear from the detailed report that the district court considered the factual bases underlying Armijo's claims. Armijo fails to identify any information in the exhibits that raises any doubt as to the correctness of the district court's decision to deny the § 2254 application. Neither did the court err by applying the AEDPA standard of review. Armijo himself admits the New Mexico courts decided his claims on the merits. *See Stevens*, 465 F.3d at 1235.

Because Armijo has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This

court **denies** Armijo's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge